**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LJENA ULJIC

       Petitioner,

v.                                                  Case No. 06-13106

ROBIN BAKER, DISTRICT DIRECTOR,
BUREAU of IMMIGRATION and CUSTOMS
ENFORCEMENT,

       Respondent.
                                     /

**OPINION AND ORDER DENYING THE "PETITION FOR WRIT OF
HABEAS CORPUS AND REQUEST FOR IMMEDIATE STAY OF DEPORTATION"**

Pending before the court is Petitioner Ljena Uljic's "Petition for Writ of Habeas Corpus and Request for Immediate Stay of Deportation." The matter has been fully briefed and the court has concluded that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the petition.

**I. BACKGROUND**

Petitioner, a native of Yugoslavia, entered the United States on or about October 20, 1986 as a visitor authorized to remain in this country until October 14, 1987. (12/18/89 Notice of Deportation Hearing ("Notice"), Resp.'s Ex. A.) Petitioner settled in southeastern Michigan, living with her daughter, son, and mother. (4/26/01 Transcript of Deportation Proceedings at 17-18 ("Tr."), Resp.'s Ex. G.) She has not left America since her arrival in 1986. (*Id.* at 20.) She worked as a babysitter, in a factory, and in restaurants before opening her own restaurant in 1998. (*Id.* at 20-21, 31-32.) She has filed income tax returns. (*Id.* at 21; 2001 Tax Return, Pet.'s Ex. K.)

Other aspects of Petitioner's record, however, are checkered.  In 1989, a shoplifting arrest in Hamtramck, Michigan that, according to Petitioner, did not result in formal charges brought her illegal immigration status to the attention of the government. (Notice at 2; Tr. at 37.)  Several years later, Petitioner pleaded guilty to retail fraud in the second degree, a misdemeanor, for switching price tags.  (5/14/98 Judgment of Sentence, Oakland County, Michigan at Pet.'s Ex. F; Tr. at 36-37.)  The felony charge of retail fraud in the first degree was dismissed.  (Judgment of Sentence.)

The government initiated deportation proceedings in 1989 after Petitioner overstayed her visit without permission.  (Notice.)  Proceedings were stayed after Petitioner failed to appear at a hearing.  (4/3/90 Order of the Immigration Judge, Resp.'s Ex. B.)  Petitioner requested asylum on May 20, 1991.  (Request for Asylum, Pet.'s Ex. D.)  Petitioner claimed that she would be persecuted if she returned to Yugoslavia.[1]  (*Id.* at ¶ 34.)

When Petitioner moved to reopen her deportation proceedings in 1998, she wrote on her application that she had no criminal history.  (9/3/98 Application for Suspension of Deportation at 5.)  At her deportation hearing, she testified that she reviewed her application with her attorney and that she had no changes to make to her application.  (Transcript at 8.)  After the government and the immigration judge confronted Petitioner with her criminal history, Petitioner admitted that she lied on her

---

[1] The affidavit that Petitioner's application for asylum referenced in multiple places does not appear in the record before this court.

application.  (*Id.* at 35-39.)[2]  She stated that she knew her conduct was wrong, that she was ashamed of it, and that she tried to forget about it.  (*Id.* at 39.)

The immigration judge denied Petitioner's request for a suspension of deportation.  (4/26/01 Decision and Order ("Decision"), Resp.'s Ex. E.)  Citing 8 U.S.C. § 1101(f), the judge concluded that Petitioner failed to show the requisite good moral character because of her criminal past and because of the false testimony she gave.  (*Id.* at 7-11.)  The Board of Immigration Appeals affirmed the decision without comment.  (1/31/03 Decision of the Board of Immigration Appeals, Resp.'s Ex. I.)  It later denied Petitioner's request for reconsideration.  (5/23/03 Decision of the Board of Immigration Appeals, Resp.'s Ex. J.)  Petitioner was apprehended and taken into custody on April 27, 2006.  (Record of Deportable/Inadmissible Alien, Resp.'s Ex. K.)

Petitioner filed the instant motion on July 7, 2006, challenging as erroneous the conclusion that she is statutorily ineligible for relief from deportation.  (Petition at ¶ 2.)  In its response, Respondent contends that the court lacks jurisdiction and, in any event, that Petitioner should not prevail on the merits.  (Response at 1-2.)  Specifically, Respondent argues that Congress in the REAL ID Act of 2005 eliminated district court jurisdiction over habeas corpus claims challenging deportation orders in favor of circuit court jurisdiction.  (*Id.* at 5-6, 8-14.)  Petitioner replies that the statute should not be read to preclude all judicial review for her case that "fell through the cracks."  (Pet.'s Br. at

---

[2] Petitioner also concealed her criminal past from her attorney, who admitted her own surprise to the immigration judge.  (Transcript at 41.)  When the attorney asked the judge how he knew of the attorney's surprise, the judge remarked, "I think it was your jaw hitting the floor."  (*Id.*)

5.[3]) She contends that, when Board of Immigration Appeals rejected her appeal, there was no time limit for seeking habeas corpus review and that she did not first seek such review because she was not in custody. (*Id.*)

### III.  DISCUSSION

### A.  Transfer of the Case is Inappropriate

The court rejects Respondent's argument that Petitioner's case should be transferred to the Western District of Michigan, where she is presently confined in the Calhoun County Jail. The court also will not accept Respondent's contention that Petitioner should have instead sued the warden of that facility, a local official. Respondent relies on "the default rule . . . that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (citations omitted). The Court in *Padilla* concluded that the Southern District of New York did not have jurisdiction over the habeas claim of an enemy combatant who, before his claim was filed, was transferred from that district to a navy brig in South Carolina. *Id.* at 430-434, 441, 451.

Before *Padilla*, the Sixth Circuit considered a similar question in the context of a deportation and concluded that "a detained alien generally must designate his immediate custodian - the INS [Immigration and Naturalization Service] District Director for the district where he is being detained - as the respondent to his habeas corpus

---

[3] Because Petitioner did not create any page numbers for her brief, the court will reference the page numbers assigned by its electronic filing system.

petition." *Roman v. Ashcroft*, 340 F.3d 314, 322 (6th Cir. 2003).[4]  The court concluded that, while the local warden technically has day-to-day control over a detained alien, the district director has the relevant control.  *Id.* at 320.  That person acts as head of the basic operating unit of America's immigration enforcement.  *Id.*  Local wardens merely act as agents of a district director and must follow federal detention standards.  *Id.*

The Sixth Circuit was thus deciding a situation that in material respects is distinct from that of *Padilla*.  The commander of the navy brig in *Padilla* was not a local official who served at the pleasure of and according to the directives of a federal official in charge of a limited territorial district.  The attenuated relationship up the military chain of command from the brig to the Secretary of Defense is different in kind from the relationship between a county jail and the Field Office Director of the ICE.  In the latter case, the director has sought out and employed the service that it receives, and, indeed, directs, from the local warden.  In this case, unlike in *Padilla*, the official with operational control over the confinement of Petitioner is present within the territorial district of this court.  Respondent, as Field Office Director for a district headquartered in Detroit whose responsibility includes Michigan and Ohio,[5] is, consistent with *Padilla* and *Roman*, properly subject to this petition for habeas corpus.  Because Respondent is, for purposes of habeas corpus review under *Roman*, the immediate custodian of Petitioner, the court will not transfer the case.

---

[4] The court takes judicial notice of the fact that Congress combined the functions of the former INS and the former U.S. Customs Service and created Immigration and Customs Enforcement (ICE), a branch of the Department of Homeland Security. http://www.ice.gov/about/index.htm (last visited September 28, 2006).

[5] http://www.ice.gov/about/dro/contact.htm (last visited September 28, 2006).

### B.  Jurisdiction Under the REAL ID Act

A district court may grant a writ of habeas corpus to a petitioner who is in custody in violation of the constitution, laws, or treaties of the United States.  28 U.S.C. § 2241.  Respondent argues this court lacks jurisdiction under the REAL ID Act, which amended 8 U.S.C. § 1252, effective May 11, 2002.  Because Petitioner filed her petition after that date, the exclusive jurisdiction provisions of the statute apply to this case.  According to the statute:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(5).  Petitioner, who does not claim any exception under subsection (e), argues that the above provision should not be read to preclude all judicial review of the order of deportation against her.  This argument rests on the false premise that Petitioner had no earlier opportunity to seek judicial review.  She did and she failed to avail herself of it.

The Board of Immigration Appeals affirmed the immigration judge on January 31, 2003 and denied reconsideration on May 23, 2003.  Petitioner did not file the instant petition until July 7, 2006.  Petitioner is under the mistaken impression that she could not have petitioned for a writ of habeas corpus until after she was placed in custody.

For purposes of 28 U.S.C. § 2241, Petitioner was in custody as soon as she was subject to a final order of deportation. *See e.g. Mustata v. United States Dep't of Justice*, 179 F.3d 1017, 1021 n.4 (6th Cir. 1999). The court will not view Petitioner's failure to pursue relief from the deportation order as reason that her case should be afforded special consideration. The passage of time in the meanwhile, and the concomitant viability (or lack thereof) of her claim to a writ of habeas corpus, is due to her inaction and not a constitutional flaw in the statute that allowed her case to fall through the cracks. Whatever recourse Petitioner has left, it does not rest with this court. The court, lacking jurisdiction, will therefore not reach the merits of the petition.

## V. CONCLUSION

For the reasons discussed above, IT IS ORDERED that Petitioner's "Petitioner for Writ of Habeas Corpus and Request for Immediate Stay of Deportation" [Dkt. #1] is DENIED for want of jurisdiction.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: September 28, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 28, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522